**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00215-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHRISTOPHER M.K. DUMAS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The Court held a status conference on March 4, 2020 at 11:00 a.m. in the above-captioned matter to discuss the Motion to Continue (Record Document 144) filed by Defendant Christopher M.K. Dumas "("Dumas") and the availability of the marital privilege for Dumas and Dominique Moreland ("Moreland"). The Court will now address each of these issues.

<u>Motion to Continue (Record Document 144)</u>

Dumas "desires to assert and protect his marital privilege to prevent his wife [Moreland] from disclosing confidential marital communications." Record Document 144 at 1. Dumas "had an expert who was going to verify the validity of his Islamic marriage," but "this week the expert refused to continue his involvement in this case as an expert." <u>Id.</u> Dumas is requesting a continuance to retain a new expert. <u>See id.</u> at 1-2.

The Government opposes the Motion to Continue. <u>See</u> Record Document 147. The Government notes its vested interest in a speedy trial and outlined the trial preparation that has been ongoing. Trial subpoenas have been served and the Government has coordinated over 30 witnesses and evidence from six different crime scenes. The Government believes "the defense's production of the Islamic Marriage

Contract and the assertion of the spousal privileges on the eve of trial is a patently obvious effort to manufacture a delay." Id. at 4.

Jury selection in this matter begins on March 5, 2020 and the trial will resume on March 9, 2020. The trial in this matter has been set since August 2019. See Record Documents 102-103. The marital privilege issue was first raised on February 5, 2020 in Defendant's Foreseeable Issues. See Record Document 117. The defense first referenced the potential for an expert on February 27, 2020: "Dumas is attempting to produce an expert to verify that he has a valid Islamic marriage." Record Document 137 at 4. Now, on March 4, 2020, Dumas contends that he had a local expert, the expert became unavailable, and he has been unable to obtain another expert. See Record Document 145 at 3.

The purported marriage(s) at issue occurred in December 2019. Yet, to date, the defense has made no expert disclosure to the Government under Rule 16(b)(1)(C). The Government has had no time to consider whether it would need to retain its own expert. On the eve of trial and under these circumstances, the Court finds that the defense request for a continuance based on the need for a new expert is simply an effort to manufacture a delay. A continuance is not appropriate under these circumstances given the time already invested by counsel and the Court. The only appropriate remedy is the exclusion of any expert testimony on the issue of the validity of the Islamic marriage. See generally U.S. v. Crook, No. 09-000133, 2010 WL 2923196 (W.D. La. July 16, 2010); U.S. v. Bentley, 875 F.2d 1114, 1118 (5th Cir. 1989).

Additionally, the ends of justice would not be served by a continuance in this matter. As noted by the Government and as will be further discussed in the instant ruling,

"there is no amount of due diligence that will result [in] the identification of an expert to testify to an Islamic marriage contract so lacking in key elements (e.g., signature of the presiding imam or chaplain)." Record Document 147 at 4. A further delay would prejudice both the Government and the public's interest in a speedy trial. See Zedner v. U.S., 547 U.S. 489, 501, 126 S.Ct. 1976, 1985 (2006) ("[T]he Act was designed not just to benefit defendants but also to serve the public interest."). The Motion to Continue (Record Document 144) is **DENIED**.

Marital Privilege

The Court addressed portions of the marital privilege issue in its March 2, 2020 Minutes. See Record Document 142. The Court held that the Texas civil law marriage between Dumas and Moreland was invalid because of the apparent fraud on the face of the marriage license. See id. at 4; Record Document 137-1. Specifically, the Court reasoned that Dumas' continuous incarceration in Shreveport, Louisiana since 2017 made it impossible for a marriage ceremony to have occurred in December 2019 in Tarrant County, Texas. See Record Document 142 at 4.

The Court must revisit this issue in light of an email received from Moreland on Wednesday, March 4, 2020 at 2:37 a.m. The email included an attachment identified as an Affidavit of Absent Applicant. The email and the affidavit are attached as Exhibit 1 to the instant Memorandum Order. The email provides:

> Attention All:
> Attached to this email is the affidavit that was used to excuse my husband's absence at the ceremony. This document was filled out truthfully by my husband; this document is notarized properly; we did not use any gimmicks or fraudulent behavior to get married.

The Court's review of the pertinent Texas statute reveals that the affidavit excuses Dumas from being present at the time Moreland applied for the marriage license. See TX Family Code § 2.007. The affidavit does not excuse his absence at the ceremony.[1] The Texas civil law marriage is invalid.

The Court must now consider the validity of the Islamic Marriage Contract. Again, the Court begins its analysis noting that the party asserting the marital privilege has the burden of establishing all the essential elements involved, including the existence of a valid marriage, a requirement that is interpreted strictly. See U.S. v. Acker, 52 F.3d 509, 515 (4th Cir. 1995). The Court appreciates defense counsel's submission of the scholarly law review article entitled, How to Judge Shari'a Contracts: A Guide to Islamic Marriage Agreement in American Court, and even concurs that general Muslim customs can differ from area to area. See Record Document 145, citing 2011 Utah L. Rev. 287 (2011). But here, the Court is faced with an Islamic Marriage Contract (Record Document 137-3) that contains no information indicating the identity of presiding imam or chaplain. The contract itself contains an "Islamic Law Aspect" on page 4; yet, the informational boxes – including name, signature, date, location, and official stamp – are all left blank. See Record

---

[1] Section 2.007(8) provides that the affidavit must include "the appointment of any adult, other than the other applicant, to act as proxy for the purpose of participating in the ceremony, if the absent applicant is:

(A)  a member of the armed forces of the United States stationed in another country in support of combat or another military operation; and

(b)  unable to attend the ceremony.

See TX Family Code § 2.007(8).

Document 137-3 at 4.  Moreover, in its March 2, 2020 Minutes, the Court directed defense counsel to focus on the fourth and final step of an Islamic marriage, that is, the marriage celebration and the consummation of the marriage.  See Record Document 142 at 4-5, citing Hassan v. Holder, 604 F.3d 915, 919  (6th Cir. 2010) ("This is the most important step in the marriage process and must be completed before the couple is considered married.").  The defense simply relies on the aforementioned law review article and states that "based upon the foundations of an Islamic marriage, a ceremony or consummation is not required to create the marriage."  Record Document 145 at 2-3.  Due to Dumas' continuous incarceration since 2017, the Islamic marriage has not been consummated.  Dumas' proffered evidence is insufficient to meet his burden of establishing the existence of a valid marriage, a requirement that is interpreted strictly.  See Acker, 52 F.3d 509 (4th Cir. 1995).  Accordingly, neither Dumas nor Moreland will be permitted to claim the marital privilege, as no valid marriage – whether under Texas or Islamic law – exists.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of March, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT