# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00215-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| CHRISTOPHER M.K. DUMAS (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Pending before the Court are several *pro se* motions filed by Defendant, Christopher M.K. Dumas ("Dumas"). The first is a Motion for Recusal of Magistrate Judge Hornsby with Incorporated Affidavit (Record Document 183) and the second is a Motion for Stay and Abeyance (Record Document 184).

Dumas is currently represented by appointed counsel, Charles "Pete" Kammer. Dumas has given notice that he would like "to proceed in proper person" and a Faretta Hearing has been set for May 7, 2020. See Record Documents 169, 171, 174. Generally, under these circumstances, the Court would not rule on pending motions filed *pro se* until after the Faretta Hearing. However, in this instance, the motion for recusal must be decided prior to the Faretta Hearing.

In the Motion for Stay and Abeyance (Record Document 184), Dumas asks the Court to stay the "pending matters" or to assign a "substitute Magistrate Judge" to handle the May 7, 2020 Faretta Hearing. See id. at 2. It is unclear if Dumas is asking for the entire matter to be stayed or if he is seeking an abeyance of the pending Magistrate Appeal (Record Document 181). The motion is **denied** to the extent Dumas seeks a stay or abeyance of his case as a whole. As will be set forth *infra*, there is no basis for recusal of Magistrate Judge Hornsby and no need for a "substitute Magistrate Judge" to handle

the Faretta Hearing. Just as the Court did for Dumas' miscellaneous motions (Record Documents 172 and 173), this Court will hold the Magistrate Appeal (Record Document 181) in abeyance until after the Faretta Hearing. A ruling on the Magistrate Appeal will issue after the Court determines whether Dumas may proceed *pro se*. Thus, the Motion for Stay and Abeyance (Record Document 184) is **granted** to the extent Dumas is seeking a stay/abeyance only as to his Magistrate Appeal.

In his Motion for Recusal of Magistrate Judge Hornsby with Incorporated Affidavit (Record Document 183), Dumas states:

> This motion and affidavit is being filed under U.S.C. 455. [He] is not disputing, contesting or making any direct argument towards the Magistrate[']s order [Doc. 180] due to the issue being merit related, but only as to his judicial actions, integrity and impartiality of the judiciary as an Article I Judge of the United States Constitution.

Record Document 183 at 1.[1] Dumas contends that Magistrate Judge Hornsby "failed to avoid the showing of impropriety while neglecting to uphold the integrity and independence of the judiciary" because he failed to take any action after learning Dumas had filed a disciplinary complaint against Assistant United States Attorneys Cytheria Jernigan and Leon Whitten. Id. at 2. Dumas contends that Magistrate Judge Hornsby is providing judicial assistance to the ongoing conspiracy to obstruct justice and withhold

---

[1] Dumas cites "U.S.C. 455" which this Court interprets as Title 28, United States Code, Section 455(a). See Record Document 183 at 1. Section 455(a) does not require the submission of an affidavit. Conversely, a recusal motion filed under Title 28, United States Code, Section 144 requires an affidavit stating the facts and reasons for the belief that bias or prejudice exists. As will be discussed *infra*, the instant motion fails pursuant to the extrajudicial source doctrine. This doctrine is equally applicable to recusal motions filed under Section 455(a) or Section 144. "Substantively, the modern sections 144 (motions for disqualification) and 455 (duty of judge to recuse himself) are 'quite similar, if not identical.'" U.S. v. York, 888 F.2d 1050, 1053 (5th Cir. 1989). Thus, whether the motion is filed under Section 144 or Section 455(a) motion, it fails on the merits.

evidence being carried out by Assistant United States Attorneys Cytheria Jernigan and Leon Whitten. See id. at 2-12. Dumas argues that Magistrate Judge Hornsby's order denying the issuance of subpoenas duces tecum was "an act of subterfuge" and "can be perceived as an aid into the conspiracy to withhold evidence." Id. at 14.[2] He contends the order "derails the order of justice." Id. Dumas argues that Magistrate Judge Hornsby's order was in violation of Canon 2, that is, "a judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Id.

> Title 28, United States Code, Section 455(a) provides:
>
> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The Supreme Court has held that the "extrajudicial source" doctrine applies to Section 455(a). See Liteky v. U.S., 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 ("The alleged bias and prejudice to be disqualifying . . . must stem from an extrajudicial source."). The determination under Section 455(a) is objective, "so that what matters is not the reality of bias or prejudice but its appearance." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). This objective standard is established with reference to "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d

---

[2] In the Order at issue, Magistrate Judge Hornsby denied Dumas' request for issuance of subpoena duces tecum (Record Document 178) because "these issues were fully litigated in front of the jury." Record Document 180. This order is the subject of a pending Magistrate Appeal filed by Dumas. See Record Document 181.

448, 454-455 (5th Cir. 2003). In U.S. v. Jordan, 49 F.3d 152 (5th Cir. 1995), the Fifth Circuit explained:

> The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. Justice must satisfy the appearance of justice. This is the very purpose of 28 U.S.C. § 455(a).

Id. at 155-156.

In Liteky, the Supreme Court noted "the existence of a significant (and often determinative) 'extrajudicial source' factor . . . in recusal jurisprudence." Liteky, 510 U.S. at 555, 114 S.Ct. at 1157. The Liteky court further explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Id. at 555-556, 114 S.Ct. at 1157 (internal citations omitted) (emphasis added). The determination under Section 455 "should rest upon extra-judicial rather than judicial conduct." Hepperle v. Johnston, 590 F.2d 609, 614 (5th Cir. 1979).

Here, Dumas maintains he is not challenging Magistrate Judge Hornsby's order denying his request for issuance of subpoenas "due to the issue being merit related." Record Document 183 at 1. Yet, he has no basis for his motion except Magistrate Judge Hornsby's denial of his request for issuance of a subpoena duces tecum. Dumas' grievance "concerns only judicial conduct: he complains of [a] prior ruling[] by the court. Such allegations are insufficient grounds for disqualification." Hepperle, 590 F.2d at 614.

All of Magistrate Judge Hornsby's actions occurred in the course of the judicial proceeding and were in no way based upon knowledge acquired outside of the judicial proceedings. His order of April 9, 2020 (Record Document 180) is similar to orders routinely issued by the magistrate judges of the Western District of Louisiana.  Magistrate Judge Hornsby's judicial conduct did not display deep-seated animosity and unequivocal antagonism that would render fair judgment impossible. See Liteky, 510 U.S. at 556, 114 S.Ct. at 1158; Mizell, 88 F.3d at 300.  Nothing in this matter warrants the objective conclusion that Magistrate Judge Hornsby's impartiality might reasonably be questioned. Dumas' grounds for disqualification/recusal are meritless and the Motion for Recusal of Magistrate Judge Hornsby with Incorporated Affidavit (Record Document 183) is **denied**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of April, 2020.

    _____
    S. MAURICE HICKS, JR., CHIEF JUDGE
    UNITED STATES DISTRICT COURT