UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 17-00215-01

VERSUS                            JUDGE S. MAURICE HICKS, JR.

CHRISTOPHER M.K. DUMAS (01)       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

On March 12, 2020, Defendant Christopher M.K. Dumas ("Dumas") was convicted of five counts of interference with commerce by robbery; one count of conspiracy to interfere with commerce by robbery; five counts of use of a firearm during a crime of violence, and one count of felon in possession of ammunition. See Record Documents 157 & 162. Sentencing is currently set for July 22, 2020. See Record Document 166.

At trial, Dumas was represented by appointed defense counsel, Charles "Pete" Kammer. Shortly after the conclusion of the trial, Dumas began filing *pro se* letters and motions with the Court. On March 26, 2020, Dumas filed a *pro se* Motion to Proceed in Proper Person seeking to represent himself. See Record Document 169. The Court set a Faretta Hearing via Video Teleconference ("VTC") on May 7, 2020. See Record Documents 171 & 174. In light of the Faretta Hearing, the Court stayed consideration of several of Dumas' motions. See Record Documents 174 & 187. The motions stayed included the following:

1. *Pro Se* Motion for Production of Evidence (Record Document 172) filed on March 30, 2020;

2. *Pro Se* Motion for Extension to File for [Federal Rule of Criminal Procedure Rule] 33(b) Motion Due to Conflict of Interest with

>      Defense Attorney (Record Document 173) filed on March 30, 2020; and
>
> 3.   Magistrate Appeal (Record Document 181).

On May 7, 2020, the Faretta Hearing was canceled because Dumas refused to consent to participate via VTC. See Record Document 194. The hearing was upset due to the COVID-19 Pandemic. See id. The Faretta Hearing will now be held before Magistrate Judge Hornsby on June 5, 2020 at 11:00 a.m. See id. In the Minute Entry resetting the Faretta Hearing, Magistrate Judge Hornsby explained:

> Given the court's efforts to minimize everyone's exposure to COVID-19, the court finds that this additional time is reasonable and necessary. The court finds that the ends of justice are served by delaying this matter due to COVID-19.
> Sentencing remains set for July 22, 2020 at 10:00 a.m. in Shreveport, Courtroom 1 before Chief Judge S. Maurice Hicks Jr. All deadlines related to sentencing remain in effect.

Id. In order to keep this matter on schedule for sentencing on July 22, 2020, the Court hereby **LIFTS THE STAY ORDERS** entered as to Record Documents 172, 173, and 181 and will now proceed to a consideration of such motions.

**Motion for Extension to File for Rule 33(b) Motion Due to Conflict of Interest with Defense Attorney (Record Document 173)**

While Dumas' *pro se* motion for extension of time to file a Rule 33 motion for new trial was not entered until March 30, 2020, he mailed such motion on March 19, 2020. Thus, he made his request for an extension of time within the 14 day time period set forth in Rule 33(b)(2). On April 1, 2020, the day after the Court received the *pro se* request for extension of time, the Court stayed/held in abeyance Dumas' request for extension. See Record Document 174. The Court now lifts such stay and **GRANTS** the request for

extension of time, such that Dumas' recently filed Motion for New Trial (Record Document 196) is deemed timely.[1]  The Court will consider Dumas' request for new trial *infra*.

**Motion for Production of Evidence (Record Document 172), Magistrate Appeal (Record Document 181), and Motion to Preserve Brady and Kyles Evidence (Record Document 186)**

The Court will consider the Motion for Production of Evidence (Record Document 172) and the Magistrate Appeal (Record Document 181) together as they are related.  In the Motion for Production of Evidence (Record Document 172), Dumas seeks the

---

[1] On May 15, 2020, Dumas filed a Rule 33 Motion for New Trial.  Federal Rule of Criminal Procedure Rule 45(b) provides:

(b)     Extending Time.

(1)     In General.  When an act must or may be done within specified period, the court in its own may extend the time, or for good cause may do so on a party's motion made:

(A)     before the originally prescribed or previously extended time expires; or

(B)     after the time expires if the party failed to act because of excusable neglect.

(2)     Exception. The court may not extend the time to take any action under Rule 35, except as stated in that rule.

F.R.Cr.P. 45(b).  "The defendant is still required to file motions under Rules 29, 33, and 34 within the seven-day period [now fourteen] specified in those rules. The defendant, however, may consistently with Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day period [now fourteen]. But the court itself is not required to act on that motion within any particular time. Further, under Rule 45(b)(1)(B), if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect." F.R.Cr.P 45 Advisory Committee Note to 2005 Amendments.  Thus, Dumas' May 15, 2020 Rule 33 Motion is deemed timely.

production of video footage and "a bag" that were discussed during the trial testimony of Government witness Nabiel "Billy" Rahman. The evidence relates to the armed robbery that occurred on April 4, 2017 at Werner Park Grocery. Dumas contends this evidence was material and the Government's failure to produce it was in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). He also argues he is entitled to a new trial based in part on this evidence.

The Magistrate Appeal (Record Document 181) relates to Magistrate Judge Hornsby's denial (Record Document 180) of Dumas' "Application to the Courts for Issuance of Subpoena Duces Tecum" (Record Document 178). Dumas asked the Court to issue a subpoena duces tecum to the Shreveport Police Department to produce video footage, 911 recordings, physical evidence, investigative reports, rap sheets, MVS and body microphone recordings, and chain of custody report, all relating to the armed robberies on March 17, March 20, March 30, and April 4, 2017. See Record Document 178-3. Dumas again maintains that this evidence should have been produced by the Government as Brady/Kyles material. See id.; see also Record Document 178-1. Magistrate Judge Hornsby denied Dumas' request because "these issues were fully litigated in front of the jury." Record Document 180.

Dumas' requests for production of Brady/Kyles evidence are conclusory and – at times – nonsensical. Dumas bears the burden to demonstrate a Brady violation and, on the showing made at this time, Dumas has failed to make such showing.[2] Moreover,

---

[2] "To prevail upon his Brady claim, [petitioner] must establish that: (1) the prosecution did not disclose evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material—i.e., there is a reasonable probability that if the government had disclosed the evidence, the result of the proceeding would have been different." U.S. v. Infante, 404 F.3d 376, 386 (5th Cir. 2005).

"even when it is applicable, Brady is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." U.S. v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978); see also U.S. v. Skaggs, 327 F.R.D. 165, 177 (S.D. Ohio 2018) ("With respect to Brady, the "Brady rule is not a discovery device . . . . At this juncture, the Court must assume that the government has or will produce all Brady material within its possession—as that term has been interpreted in the context of Brady—but is otherwise powerless to 'compel' production of the so-called Brady material."). Thus, Magistrate Judge Hornsby's denial of the request for a subpoena duces tecum was neither clearly erroneous nor contrary to law and this Court will not set aside or modify such order.[3] Both the Motion for Production of Evidence (Record Document 172) and the Magistrate Appeal (Record Document 181) are **DENIED**.

The Court likewise **DENIES AS MOOT** Dumas' Motion to Preserve Brady and Kyles Evidence (Record Document 186). Again, Brady is not a discovery rule or device. Further, this Court remains confident that the United States Attorney's Office has taken all necessary steps to locate and secure any potential Brady evidence.

---

[3] Rule 59(a) provides:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is ***contrary to law or clearly erroneous***.

F.R.Cr.P. 59(a) (emphasis added).

**Motion for a New Trial (Record Document 196)**

Dumas recently filed a *pro se* Rule 33 Motion for a New Trial (Record Document 196).  Dumas argues that Shreveport Police Department Detective Melvin Smith should have been permitted to testify as a defense witness at trial.  Dumas believes Detective Smith's exclusion was reversible error and a new trial is warranted.

Dumas' motion (Record Document 196) is unsigned.  However, on May 20, 2020, the Court received an identical signed pleading.  See Record Document 197.  Thus, the Court will consider the motion.

Rule 33 permits a district court to grant a new trial "if the interest of justice so requires." F.R.Cr.P. 33(a).  This standard applies whether the motion is based on newly discovered evidence or other grounds.  See id.; see also U.S. v. Wall, 389 F.3d 457, 466 (5th Cir.2004).  Such motions are discretionary.  See U.S. v. Robertson, 110 F.3d 1113, 1120 n. 11 (5th Cir.1997).  The district court's discretionary power "should be exercised with caution, and the power to grant a new trial . . . should be invoked only in exceptional cases." Id.  Rule 33's interest of justice standard "requires the district court to balance the alleged errors against the record as a whole and evaluate the fairness of trial." Wall, 389 F.3d at 466.  The district court should not grant a motion for new trial "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." Id.

At trial, the Court excluded the defense's proffered testimony of Detective Melvin Smith as hearsay.  See Record Document 192 at 194-200.  Dumas now argues Detective Melvin Smith's testimony regarding his investigation of certain armed robberies in Shreveport was "material" and exclusion of such was reversible error.  Based on the

showing made in his motion, Dumas has not met the interest of justice standard. The exclusion of Detective Melvin Smith's testimony does not present a miscarriage of justice. At trial, defense counsel performed rigorous cross-examination of other law enforcement officers involved in the investigation of the Shreveport armed robberies. The alleged error of excluding Detective Melvin Smith as a defense witness does not negate the fairness of the trial when the record as a whole is considered. Dumas' Rule 33 Motion for a New Trial (Record Document 196) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of May, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT