UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00215-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| CHRISTOPHER M.K. DUMAS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion to Disqualify a Judge for Bias and Prejudice under 28 U.S.C.A. § 144" (Record Document 253) filed by *pro se* Defendant, Christopher M.K. Dumas ("Dumas"). Dumas requests Chief Judge Hicks "recuse himself from hearing documents 238 and 239 based off of the filed affidavit (Doc. 242)." Id. Record Documents 238 and 239 are motions filed by Dumas seeking reconsideration of the Court's May 21, 2020 Memorandum Order (Record Document 198). The Memorandum Order, *inter alia*, denied Dumas' Rule 33 Motion for a New Trial. See id. at 6-7.

Title 28, United States Code, Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. In support of his recusal motion, Dumas filed a Section 144 Bias or Prejudice of Judge Affidavit (Record Document 242). In his affidavit, Dumas alleges

"Chief Judge Hicks is bias[ed] and prejudice[d] towards 're-trying the merits of this case or addressing the sufficiency of the evidence to support the jury's verdict.'" Id. at 1. Dumas points to the Court's exclusion of Detective Melvin Smith as a defense witness at trial, the Court's handling of Dumas' discovery motions urged post-trial, and the Court's alleged disregard for prosecutorial misconduct as bases for his argument that Chief Judge Hicks is biased or prejudiced. See id. at 2-5.

"Although section 144 refers to assignment to another judge, the presiding judge may transfer the matter to another judge for decision or decide it himself." Klayman v. Obama, No. 3:16-CV-2010-L, 2016 WL 5942227, at *7 (N.D. Tex. Oct. 12, 2016), citing Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996). Further, there is no "negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on the motion." Klayman, 2016 WL 5942227, at *7, citing In re Corrugated Container Antitrust Litig., 614 F.2d 958, 963 n. 9 (5th Cir. 1980). Under section 144, the judge must reassign the case to another judge only if the moving party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Klayman, 2016 WL 5942227, at *7, citing U.S. v. Scroggins, 485 F.3d 824, 829 n.19 (5th Cir. 2007) (internal quotations omitted). The language of section 144 appears to require immediate reassignment; however, "courts have held that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does recusal become mandatory." Klayman, 2016 WL 5942227, at *7, citing 3 Charles

A. Wright, et al., Fed. Prac. & Proc. § 3551 (3d ed.) (footnotes omitted).  Thus, before reassignment/recusal, "it is the presiding judge's responsibility to assess the timeliness and legal sufficiency of the [section 144] affidavit." Klayman, 2016 WL 5942227, at *7. In making the aforementioned assessment, the Court must consider the legal sufficiency of the affidavit, not the truth of the matter alleged." Klayman, 2016 WL 5942227, at *7, citing Henderson v. Dep't of Pub. Safety and Corr., 901 F.2d 1288, 1296 (5th Cir. 1990) (citation and internal quotation marks omitted).  The affidavit is legally sufficient if the following conditions are met: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." Id.

     Considering this applicable legal standard, the Court holds that Dumas' motion and affidavit are insufficient to support recusal or disqualification.  The Court focuses its analysis on the third factor discussed in Klayman, that is, the facts in the affidavit must show personal, as opposed to judicial, bias.  Again, in support of his recusal motion, Dumas argues Chief Judge Hicks is biased or prejudiced based on the Court's exclusion of Detective Melvin Smith as a defense witness at trial, the Court's handling of Dumas' discovery motions urged post-trial, and the Court's alleged disregard for prosecutorial misconduct during discovery and trial.  All of these actions are insufficient to support recusal under section 144 because they are not extrajudicial in origin.  Instead, all of these actions are judicial in nature and are based on judicial rulings. See Parrish v. Bd. of Comm'rs of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975) (requiring a legally sufficient affidavit to state facts that "if true they would convince a reasonable man that a

bias exists" and "the facts must show the bias is personal, as opposed to judicial, in nature"); see also U.S. v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 1710 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). Adverse judicial rulings are insufficient to establish that the Court harbors personal bias as required by section 144. See Berger v. U.S., 255 U.S. 22, 41 S.Ct. 230 (1921); Davis v. Bd. Of Sch. Comm'rs of Mobile County, 517 F.2d 1044 (1975). Dumas has not shown that any of the cited actions by the Court were grounded in some basis other than what the undersigned learned from his participation in this case. The record is devoid of any personal bias that requires recusal by this Court under section 144. Dumas' "Motion to Disqualify a Judge for Bias and Prejudice under 28 U.S.C.A. § 144" (Record Document 253) is **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of September, 2020.

                                          S. MAURICE HICKS, JR., CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT