UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00215-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| CHRISTOPHER M.K. DUMAS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is *pro se* Defendant, Christopher M.K. Dumas' ("Dumas") Motion for Reconsideration (Record Document 239) and his Supplemental Attachment for Motion for Reconsideration (Record Document 238). Dumas asks the Court to reconsider its May 21, 2020 Memorandum Order which, *inter alia*, denied Dumas' Motion for a New Trial. See Record Documents 196 & 198. Dumas maintains the Court failed to consider all of the record evidence, namely Record Document 209, and again argues he is "deservant [sic] of a new trial" because the Court excluded the defense's proffered testimony of Detective Melvin Smith as hearsay, there is newly discovered evidence, and the Government violated Brady. See Record Document 239; see also Record Document 251. The Government has responded to Dumas' Motion for Reconsideration, addressing Dumas' arguments regarding the exclusion of Detective Smith's testimony and unproduced evidence. See Record Document 256. Dumas filed a reply. See Record Document 261.

"Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." U.S. v. Salinas, 665 F.Supp.2d 717, 720 (W.D. Tex. 2009), citing U.S. v. Brewer, 60 F.3d 1142, 1143 (5th Cir.1995). Generally, district courts are free to

reconsider their own earlier decisions, but motions for reconsideration are meant to serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence.  See Salinas, 665 F.Supp.2d at 720, citing U.S. v. Scott, 524 F.2d 465, 467 (5th Cir.1975).  "There is a high burden of proof on the party seeking reconsideration in order to discourage litigants from making repetitive arguments on issues already considered."  Salinas, 665 F.Supp.2d at 720.

Here, the Court has reviewed the record in its entirety.  Since the conclusion of his trial in March 2020, Dumas has moved this Court in varying ways for a new trial.  As stated in its May 21, 2020 Memorandum Order, the undersigned does not believe that the alleged errors asserted by Dumas negate the fairness of the trial when the record as a whole is considered.  See Record Document 198 at 6-7, citing F.R.Cr.P. 33(a) and U.S. v. Wall, 389 F.3d 457, 466 (5th Cir. 2004).  Most, if not all, of the arguments presented by Dumas in the instant motion are repetitive and, at times, confounding.  As noted by the Government in its response, the alleged unproduced evidence, i.e., surveillance tapes and a plastic bag, does not warrant a new trial in this instance.  Even assuming the Government did not produce the evidence, "evidence is not suppressed if the defendant knows or should know of the essential facts that would enable him to take advantage of it."  U.S. v. Runyan, 290 F.3d 223, 246 (5th Cir. 2002), citing U.S. v. Shoher, 555 F.Supp. 346, 352 (S.D.N.Y.1983).  In other words, "the Government is not required . . . to facilitate the compilation of exculpatory material that, with some industry, defense counsel could marshal on their own."  Id.  Additionally, the defense had the power to issue its own subpoenas as to this evidence since 2017.  Thus, based on the showing made in his motion and the applicable law, Dumas' Motion for Reconsideration (Record Document

239) and his Supplemental Attachment for Motion for Reconsideration (Record Document 238) are **DENIED**.[1]

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of September, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Dumas' Motion for Expedited Consideration of his Motion for Reconsideration (Record Document 241) and Motion for Stay (Record Document 244) of the proceedings until resolution of his Motion for Reconsideration are **DENIED AS MOOT**.