**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00215-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHRISTOPHER M.K. DUMAS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is an "Official Notice of Judicial Error . . . With a Request for Independent Recourse" (Record Document 356) filed by *pro se* Petitioner Christopher M.K. Dumas ("Dumas"). Dumas alleges that the Court has jurisdiction to address the issues raised in the notice pursuant to Federal Rule of Criminal Procedure 51(b). See id. at 2. He also states that he discovered "the judicial trial error" – which relates to his right to testify on his own behalf at trial – in preparing to file a Section 2255 motion. Id. at 3.[1] Dumas also seeks appointment of counsel to assist in pursuing the "Official Notice of Judicial Error." Record Document 357 at 2. He also notes that appointment of counsel would assist him if the court "was to require [him] to proceed with this claim more properly under a 28 U.S.C. § 2255 motion." Id.

Dumas' conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit in January 2022. See Record Document 354. At this stage, Rule 51 (preserving claim error at the trial court level) is not the proper procedural mechanism to raise alleged judicial errors. Instead, Dumas should file a motion to vacate

---

[1] Dumas also wrote a letter to the undersigned raising similar issues. See Record Document 355.

or set aside his conviction or sentence pursuant to 28 U.S.C. § 2255.  The Court is hesitant to characterize the instant "official notice" as a Section 2255 motion because of certain restrictions on the filing of second or successive Section 2255 motions.  In <u>Castro v. United States</u>, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003), the Supreme Court explained:

> The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Here, it is unclear to the Court if Dumas wishes to raise other issues in a Section 2255 motion.  Thus, the Court believes the proper course of action is to **DENY** the instant motion **WITHOUT PREJUDICE** and direct Dumas to file a Section 2255 motion raising all claims he wishes to pursue.  Dumas is reminded of the one year period of limitations set forth in 28 U.S.C. § 2255(f).  The request for appointment of counsel is likewise **DENIED WITHOUT PREJUDICE** and may be reurged when Dumas files his Section 2255 motion.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of June, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT