UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00215-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| CHRISTOPHER M.K. DUMAS (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion for Judicial Disqualification with Incorporated Memorandum and Certified Affidavit (Record Document 365) filed by Defendant, Christopher M.K. Dumas ("Dumas"). Dumas refiled the exact motion as Record Document 375. In his motion, Dumas requests that this Court recuse itself from the pending Section 2255 motion due to a "violation of Rule 4(a)(4) through its efforts to retaliate against [Dumas] for reporting misconduct and participating in the Fifth Circuit judicial complaint process." Record Document 365 at 1. Dumas submits that the Court has committed "cognizable misconduct" and is unable to remain fair and impartial. Id. More specifically, Dumas contends that the Court retaliated against him for filing a judicial misconduct complaint – and assisting another prisoner named Christopher Willis in filing his judicial misconduct complaint – by transferring him from Caddo Correctional Center to the Bossier Medium Facility without any of his legal or personal property. See id. at 1-2.

Dumas appears to be filing the instant motion under both 28 U.S.C. § 144 and 455(b)(1). See id. at 3. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

> any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Here, Dumas's motion fails to satisfy the requirements of Section 144 because it lacks the required certificate of good faith from "counsel of record."  Dumas signed a "certified affidavit,' but there is no certificate of good faith because he has no lawyer and no counsel of record.  The plain statutory language of Section 144 appears to preclude a *pro se* litigant from using Section 144 to achieve disqualification of the presiding judge.  See Robinson v. Gregory, 929 F. Supp. 334, 337 (S.D. Ind. 1996).  A federal appellate court reasoned:

> The purpose of this section is to secure for all litigants a fair and impartial trial before a tribunal completely divested of any personal bias or prejudice, either for or against any part to the proceedings, and it is the duty of all courts to scrupulously adhere to this admonition and to guard against any appearance of personal bias or prejudice which might generate in the minds of litigants a well-grounded belief that the presiding judge is for any reason personally biased or prejudiced against their cause. But the statute, by its own terms, provides a safeguard against the abuse of the privilege granted by the statute, and that well-founded safeguard is the requirement that the affidavit must be accompanied by a certificate of counsel of record, and without which the affidavit is ineffectual to disqualify the judge. This requirement is founded on the assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth, and further attests to the good faith and belief of the affiant.

Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.1942).  While a *pro se* litigant ordinarily may take the same action on his own behalf that an attorney could, that approach should not be utilized in the context of Section 144.  See Robinson, 929 F. Supp. at 337-338.  Courts have stressed the importance of strict enforcement of the

procedural and substantive requirements of Section 144. See id. at 338. Moreover, *pro se* litigants have other effective mechanisms available to protect them from biased judges. They can raise exactly the same issues under 28 U.S.C. § 455. See id. Because Dumas cannot invoke the procedures of Section 144, his motion should also be evaluated under 28 U.S.C. § 455(a).

> Title 28, United States Code, Section 455(a) provides:
>
> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). The Supreme Court has held that the "extrajudicial source" doctrine applies to Section 455(a). See Liteky v. U.S., 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994) ("The alleged bias and prejudice to be disqualifying . . . must stem from an extrajudicial source."). The determination under Section 455(a) is objective, "so that what matters is not the reality of bias or prejudice but its appearance." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). This objective standard is established with reference to "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 454-455 (5th Cir. 2003). In U.S. v. Jordan, 49 F.3d 152 (5th Cir. 1995), the Fifth Circuit explained:

> The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. Justice must satisfy the appearance of justice. This is the very purpose of 28 U.S.C. § 455(a).

Id. at 155-156.

In Liteky, the Supreme Court noted "the existence of a significant (and often determinative) 'extrajudicial source' factor . . . in recusal jurisprudence." Liteky, 510 U.S. at 555, 114 S.Ct. at 1157. The Liteky court further explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . ., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

Id. at 555-556, 114 S.Ct. at 1157 (internal citations omitted) (emphasis added). The determination under Section 455 "should rest upon extra-judicial rather than judicial conduct." Hepperle v. Johnston, 590 F.2d 609, 614 (5th Cir. 1979).

Here, Dumas' allegations of bias and retaliation appear to be based on conclusions, rumors, beliefs, and his subjective opinions. Such allegations are insufficient to form the basis of disqualification. Additionally, even if accepted as true, a Court's action in ordering an inmate – during the time period between conviction and sentencing – to be moved from one correctional facility to another is a decision made in the course of judicial duties. This is simply not enough to support recusal. Dumas's *pro se* Motion for Judicial Disqualification with Incorporated Memorandum and Certified Affidavit (Record Document 365) is **DENIED**. Record Document 375 is likewise **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of March, 2023.

_____
United States District Judge