**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                   CRIMINAL ACTION NO. 17-00215-01

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

CHRISTOPHER M. K. DUMAS                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Christopher M. K. Dumas ("Dumas"). See Record Document 367. Also pending is Dumas's Motion for Rule 56 Partial Summary Judgment. See Record Document 363. The Government opposes both filings. See Record Documents 370 and 371. For the reasons set forth below, Dumas's motions are **DENIED**.

**FACTUAL BACKGROUND**

Following indictment and trial in this matter, a jury found Dumas guilty of the charged offenses. See Record Document 162. Judgment was entered accordingly, and Dumas is presently serving his sentence. See Record Document 327.

Dumas has now filed a motion pursuant to 28 U.S.C. § 2255 asserting that his conviction should be vacated on constitutional grounds. See Record Document 367. Among the claims raised, Dumas contends that this Court failed to conduct a colloquy with him regarding his right to testify at trial and thereby failed to discharge a judicial duty to intervene to protect that right. See id. The Government filed a response in opposition. See Record Document 370.

Dumas has also filed a separate Motion for Rule 56 Partial Summary Judgment. See Record Document 363. In that motion, Dumas seeks summary judgment on "Ground

One" of his § 2255 petition, arguing that the trial record conclusively establishes that this Court failed to conduct a waiver colloquy and that such failure constitutes a constitutional error requiring vacatur of his conviction. See id. The Government filed a response in opposition. See Record Document 371.

Although styled as a separate motion, the Rule 56 filing is a component of the pending § 2255 motion and seeks relief on one of the claims raised therein. Accordingly, the Court will consider the § 2255 motion and the motion for partial summary judgment hand in hand.

**LAW AND ANALYSIS**

### I.    Applicable Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255 motion. See United States v. Kalish,

780 F.2d 506, 508 (5th Cir. 1986); see also United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

Federal Rule of Civil Procedure 56 may apply in § 2255 proceedings to the extent it is consistent with the Rules Governing § 2255 Proceedings. See Rule 12, Rules Governing § 2255 Proceedings. Summary judgment is appropriate only if the movant demonstrates that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

## II.    Analysis

Dumas contends that this Court had an affirmative duty to conduct a personal colloquy with him regarding his right to testify and that the failure to do so constituted an error requiring vacatur of his conviction. See Record Document 363. This argument fails as a matter of law.

The Fifth Circuit has consistently held that a district court generally has no duty to verify that the defendant voluntarily waives that right. In United States v. Brown, the Fifth Circuit stated that "a district court generally has no duty to explain to the defendant that he or she has a right to testify or to verify that the defendant who is not testifying has waived the right voluntarily." 217 F.3d 247, 258 (5th Cir. 2000), vacated and remanded on other grounds sub nom., Randle v. United States, 531 U.S. 1136 (2002). The court reasoned that the decision whether to testify is a matter of trial strategy best left to the defendant and counsel, and judicial intrusion could inadvertently influence that decision.

The Fifth Circuit has reaffirmed this principle in subsequent cases. See United States v. Prince, 547 Fed.Appx. 587, 591 (5th Cir. 2013). In light of this binding precedent,

Dumas cannot establish that this Court violated a constitutional duty by failing to conduct a waiver colloquy. Because no such duty exists under Fifth Circuit law, there can be no error arising from its absence.

Even assuming arguendo that the factual assertions in Dumas's motion are undisputed, he is not entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. The absence of a colloquy does not constitute constitutional error in this Circuit. Accordingly, his Motion for Partial Summary Judgment must be **DENIED**. For the same reasons, Ground One of the § 2255 motion likewise fails.

The Court further notes that Dumas raises related arguments suggesting that his counsel failed to adequately investigate, inquire into, or address his desire to testify, and that such failure constitutes ineffective assistance of counsel. To the extent Dumas asserts that counsel improperly advised him or failed to ensure that his decision regarding testifying was knowing and voluntary, such claims are governed by the familiar two-prong standard of Strickland v. Washington, 466 U.S. 668 (1984). The Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667.

Even liberally construing Dumas's filings, he has not established that counsel's performance fell below an objective standard of reasonableness or that, but for any alleged deficiency, there is a reasonable probability that the outcome of the trial would

have been different. Conclusory allegations regarding counsel's failure to "investigate" or "inquire" into his decision to testify are insufficient to warrant relief under § 2255. Nor does the record demonstrate that counsel prevented Dumas from testifying or overrode his decision in violation of his constitutional rights. Accordingly, any ineffective assistance of counsel claim predicated on the right-to-testify issue is likewise **DENIED**.

**CONCLUSION**

Based on the reasons explained above, Dumas's Motions (Record Documents 363 and 367) are **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of March, 2026.

JUDGE S. MAURICE HICKS, JR.<br/>
UNITED STATES DISTRICT COURT